UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANTHONY R. DUPUIS** | : | **CIVIL ACTION NO. 20-CV-152** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **TIMBERLINE HOMES OF LOUISIANA, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant K & L Transport, LLC ("K&L"). Doc. 52. The motion is unopposed by plaintiff Anthony Dupuis ("Dupuis"). Doc. 54. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

Although outside evidence may not be considered in deciding a Motion to Dismiss under Rule 12(b)(6), for reasons stated below, we find it appropriate to convert this Motion to a Motion for Summary Judgment. Accordingly, after considering the motion, memoranda, and supporting evidence, and for reasons set forth below, **IT IS RECOMMENDED** that the defendant's motion be **GRANTED**.

**I.**
**BACKGROUND**

This case arises out of an incident that occurred on approximately August 16, 2018, when plaintiff attempted to exit his height-elevated mobile home and fell, which he attributes to the

insufficient height of prefabricated steps.[1] Plaintiff originally filed this suit on August 6, 2019, in the 14th Judicial District Court, Calcasieu Parish. Doc. 1, p. 12. Named as original defendants were Timberline Homes of Louisiana, LLC, ("Timberline") Platinum Homes, LLC of Alabama ("Platinum"), ABC Company, and XYZ Insurance Company. *Id*. The matter was removed to this Court on January 31, 2020, on the basis of diversity. *Id.* at p. 1. Plaintiff subsequently filed an Amended Complaint on August 24, 2020, naming as an additional defendant K&L and removing its claim against ABC Company.[2] Doc. 17.

Plaintiff asserted in both his original and amended complaint that all defendants are jointly, severally, and solidarily liable for his injuries sustained as a result of his fall. Docs. 1, 17. The Amended Complaint asserts that K&L was contracted to deliver, set up, and/or provide access to and egress from his and other mobile homes and that K&L allegedly neglected to exercise reasonable care in providing unsafe steps. Doc. 17, p. 2. Plaintiff made similar claims for negligence against Timberline. *Id*.

K&L in its unopposed memorandum frequently points to Timberline's Memorandum in Support of its Motion for Summary Judgment [doc. 32, att. 1] for relevant background information. *See* Doc. 52, att. 1. p. 4. Plaintiff purchased a manufactured, height-elevated mobile home from Timberline, which was to be elevated to an above-average height because of its location in a flood zone. Doc. 32, att. 1, p. 22–23. At the time of purchase, plaintiff signed a "Temporary Steps Important Notice" which stated, in pertinent part, that "the steps provided with your manufactured home are temporary in nature" and, by signing, plaintiff agreed that he would "acknowledge that

---

[1] Though it does not appear in K&L's briefing, the record indicates that plaintiff was not able to access his home via the steps, so had a moving truck lift him into the home using the liftgate on the truck. Afterwards, when trying to exit, plaintiff apparently attempted to sit down and slide out of the home on his bottom. The injuries were sustained at this point. Doc. 40.

[2] Timberline has also filed a Third-Party Complaint on August 24, 2020, asserting claims against K&L. Doc. 16.

you fully understand that if your house is not set to the standard height that these steps will not accommodate the higher height. It is your responsibility to replace these steps with height-appropriate steps immediately." *Id*. at p. 24. Plaintiff stated that, at the time he purchased the home, he "already had a contractor in mind that was going to build the real steps" and intended to have seven steps built. Doc. 52, att. 4, pp. 2, 4.

Timberline entered into a contract with K&L for it to deliver the manufactured home and temporary, prefabricated steps. Doc. 52, att. 2, pp. 3-4. Pursuant to this contract, K&L's responsibilities included picking up the steps at Timberline's property, taking them to the delivery location, setting up the home, and anchoring it to the ground.[3] *Id*. Upon arrival at the home, a K&L employee observed that the steps were not high enough for the above average height of the home. *Id*. at p. 7. The employee notified Timberline of the inadequate steps and was instructed by Timberline not to install the steps at plaintiff's doorway. *Id*. The inadequate steps were placed to the side.[4] *Id*.

Timberline filed a Motion for Summary Judgment seeking dismissal of the negligence claims against it. Doc. 32. The district court granted the motion on June 29, 2021 and dismissed plaintiff's claims against Timberline with prejudice, finding that Timberline owed no duty to the plaintiff because the plaintiff had agreed to provide his own steps. Docs. 40, 41. That same day, the court issued a Notice of Intent to Dismiss for Failure to Prosecute K&L, Platinum, and XYZ. Doc. 39. Plaintiff filed a Motion for Extension of Time to Effect Service but in the motion he stated that he did not contest dismissal of Platinum or XYZ Insurance Company.[5] We granted the extension as it pertained to K&L. Doc. 45.

---

[3] The only item furnished by defendant are the anchors, which are not at issue.
[4] The record indicates that a new set of replacement steps was later brought by Timberline. Doc. 32, att. 1, p. 3.
[5] As part of this Report and Recommendation we are suggesting that the court dismiss Platinum and XYZ Insurance Company under LR 41.3.

Defendant submits that it should be dismissed from this litigation for two reasons: (1) since timely claims against others alleged to be solidary obligors with it have now been dismissed then plaintiff's claims against K&L have prescribed and; (2) just as with Timberline as the court held in granting its summary judgment, plaintiff cannot establish a negligence claim against defendant for which relief may be granted. Doc. 52, p. 1.

Plaintiff filed a response to defendant's Motion to Dismiss stating that "as a result of the Court's judgment of dismissal of [Timberline]" and "considering the Court's written reasons in support of its judgment of dismissal," plaintiff "has no opposition to the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) filed by defendant, K&L Transport, LLC." Doc. 54.

## II.
### LAW AND ANALYSIS

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. When considering a Rule 12(b)(6) motion to dismiss, the court must generally limit its review to the pleadings. However, in *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000), the Fifth Circuit approved the district court's consideration of documents the defendant attached to a motion to dismiss. The Fifth Circuit made it clear that such consideration is limited "to documents that are referenced to in the plaintiff's complaint and are central to the plaintiff's claim." *Id*. In the present case, defendant has submitted other exhibits outside of the pleadings in support of his motion and heavily relies on other parties' documents and a previous decision issued by this court. Thus, its motion will be treated as a motion for summary judgment pursuant to Rule 56. See FED. R .CIV.P. 12(d); *Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 839 (5th Cir. 2004).

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

"A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d

360, 362 (5th Cir. 1995) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

### A. *Prescription*

Personal injury claims such as those asserted by the instant plaintiff are subject to a one-year prescriptive period, which commences to run from the date of the injury or damage. LA. CIV. CODE ART. 3492. "The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs." LA. CIV. CODE ART. 1799; *See also* LA. CIV. CODE ART. 3503 ("When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors.").

But there is no interruption where a "timely sued defendant is ultimately found not liable to plaintiffs [and] the suit against the untimely sued defendants will then be dismissed, because no joint or solidary obligation would exist." *Sims v. Am. Ins. Co.*, 101 So.3d 1, 6 (La. 2012). Indeed, Louisiana jurisprudence dictates that when: (1) an alleged joint and/or solidary tortfeasor has been timely served; and (2) another joint and/or solidary tortfeasor is named in an amended pleading after the prescriptive period elapses; and (3) then the timely sued party is dismissed, prescription as to the untimely sued defendants is not interrupted. *Love v. Certain Underwriters at Lloyd's London*, 241 So.3d 1121, 1126 (La. App. 4th Cir. 2018) (citing *Sims*, 101 So.3d at 6).

Here the alleged incident occurred August 16, 2018. Doc. 1, 17. The original petition was filed timely on August 6, 2019. Doc. 1, p. 12. The amended complaint, wherein K&L was first named and claimed to be solidarily liable with the first named defendants, was filed August 24, 2020, over two years after the incident and well past the one-year prescriptive period. Doc. 17.

The alleged joint and/or solidary tortfeasors have been dismissed. *See* Docs. 39, 41, 44–45. Accordingly prescription was not interrupted as to K&L and it should be dismissed.[6]

### B. *The Negligence Claims*

K&L also asserts that the negligence claims asserted against it by plaintiff fail, in that plaintiff cannot show that K&L owed a duty to plaintiff. Doc. 52, att. 1, p. 12.

Article 2315 of the Louisiana Civil Code provides "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  In order to determine whether a plaintiff should prevail on a claim in negligence under art. 2315, Louisiana courts employ a duty-risk analysis. *Perkins v. Entergy Corp.*, 782 So.2d 606 (La. 2001).

The Louisiana duty-risk analysis requires plaintiff's allegations to meet the following five elements:

> (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element);
>
> (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element);
>
> (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries;
>
> (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and
>
> (5) proof of actual damages (the damages element).

*Long v. State ex rel. Dept. of Transp. & Development*, 916 So.2d 87, 101 (La. 2005).

This Court held in its ruling on Timberline's Motion for Summary Judgment that Timberline did not owe a duty to the plaintiff because (1) the plaintiff agreed that he would provide

---

[6] K&L also argues that the amendment naming defendant would not relate back to the filing of the original petition under Rule 15(c)(1), Fed. R. Civ. P.  Given our conclusion as to the effect of dismissal of the complaint against the defendant whose presence would have interrupted prescription and further given the fact that plaintiff does not contest this dismissal, we see no need to discuss how or to what extent Rule 15 plays a role in this matter.

his own steps of adequate height; (2) plaintiff knew the home would be raised higher than usual and that the temporary steps would not be a sufficient height because of the home's elevation; (3) plaintiff read and agreed to the Temporary Steps Notice; and (4) because the condition of the temporary steps as inadequately high was obvious and apparent to all. Doc. 40.

The same reasoning applies here. Plaintiff's complaint alleges that K&L was negligent in that it had contracted with Timberline for delivery and set up of plaintiff's manufactured homes and steps, that it had delivered and set up the subject home, and that the prefabricated steps were at an inadequate height compared to his elevated home. *See generally* Doc. 17. However, plaintiff fails to allege facts that give rise to a duty owed by K&L to plaintiff. K&L only transported the temporary steps and had no part in creating, modifying, or otherwise providing the temporary steps. *See* Doc. 52, att. 2, p. 4. K&L did not install the temporary steps obtained from Timberline at plaintiff's doorway. Doc. 52, att. 2, p. 7. Finally, and most importantly, plaintiff's signing of the Temporary Steps Notice evinces that plaintiff knew that the temporary steps were inadequate. It has been clearly established that plaintiff agreed to provide his own steps at the appropriate height. Doc. 52, att.1, p. 4; *see also* Doc. 40. He evidently had a contractor in mind to do so. Thus, plaintiff has not met his burden to show that K&L owed him any duty. For this reason, we find that the duty-risk analysis fails, and accordingly, that summary judgment is appropriate.

### III.
#### CONCLUSION

For reasons stated above, IT IS RECOMMENDED that the Motion to Dismiss [doc. 52], which we have converted to a Motion for Summary Judgment, be GRANTED and that Dupuis' claims against K&L Transport, LLC be DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

      THUS DONE AND SIGNED in Chambers this 24th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE